[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard Campbell, brought a two count complaint against the defendants, Robert Romaine (a/k/a Rutherford Romaine) and Carol Romaine. The plaintiff alleged in the first count that he and the defendants agreed that the plaintiff would provide architectural drawings to the defendants in order to renovate their home. The plaintiff further alleges that he provided such services and was owed approximately $10,000, which the defendants refuse to pay. In the second count of the amended complaint, the plaintiff alleges that the reasonable value of his architectural drawings was approximately $10,000.
The defendants denied the material allegations of the complaint, and also filed nine special defenses. The defendants asserted, among other things, that since there was no written agreement between the parties regarding architectural services, the plaintiff could not enforce the alleged agreement because of General Statutes § 42-135a, the Home Solicitation Sales Act (HSSA). The defendants also filed a counterclaim containing seven counts, including an assertion that the plaintiff solicited their CT Page 5773 business, that all of their meetings with the plaintiff were at their own home, and that because the agreement was not in writing, it was unenforceable under the HSSA, and also constituted a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants have now moved (#141; short calendar 5-6-96) for summary judgment both as to the plaintiff's complaint, and the first count of their counterclaim on the basis that because the plaintiff concedes that his agreement with the defendants was not in writing, violations of the HSSA and CUTPA have been established as a matter of law. A summary judgment may be granted only if the "pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.
The affidavits submitted by the defendants in support of their motion for summary judgment claim that the plaintiff came to their home to solicit them to purchase his services, and that they have never been to the plaintiff's place of business. In opposing summary judgment, the plaintiff filed an affidavit contending that he did not go to the defendants' home to solicit their purchase of his services, but rather went in response to a request from an attorney who claimed to represent the defendants. The plaintiff further indicates that he did not solicit business from the defendants when he responded to the request by the lawyer, but that the defendants requested that he prepare drawings for the renovation of their home.
The underlying issue in the resolution of this motion for summary judgment is whether the architectural services allegedly provided by the plaintiff fall within the purview of a home solicitation sale. General Statutes § 42-134a(a) defines a "home solicitation sale" as a sale of services in which the seller "personally solicits the sale."
The affidavit submitted by each of the defendants claims that the plaintiff came to their home "to attempt to solicit my purchase of his services." However, the plaintiff's affidavit asserts that he did not go to the home of the defendants in an attempt to solicit their purchase of his services, but went there at the request of an attorney who said he was representing the defendants who needed his architectural services. Thus, the affidavits clearly present genuine issues of material fact, which CT Page 5774 in turn requires the denial of the defendants' motion for summary judgment.
In addition, there are no appellate cases regarding the applicability of the HSSA to architectural services. One superior court decision refused to dismiss a case on those grounds. Hopperv. Hite, Superior Court, judicial district of Stamford-Norwalk, Docket No. 091936 (September 9, 1988, Cioffi, J., 14 Conn. L. Rpt. 41). Furthermore, the Home Improvement Act, which specifically refers to the Home Solicitation Sales Act, was recently amended to exempt licensed professionals. General Statutes §§ 20-428, 20-429 (e). This court also declines to grant summary judgment for that reason as well.
Therefore, the defendants' motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 16th day of August, 1996.
William B. Lewis, Judge